UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DWIGHT RICH, KEITH MATYASOVSZKY, TERRANCE DURANT, JOSHUA SMITH, and JASON HUNTER, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiffs, <br><br> v. <br><br> ALL MY SONS MOVING & STORAGE OF CONNECTICUT, INC. <br><br> Defendant. | : CIVIL NO. <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : July 28, 2016 <br> : <br> : |

## CLASS AND COLLECTIVE ACTION COMPLAINT

Plaintiffs, DWIGHT RICH ("Rich"), KEITH MATYASOVSZKY ("Matyasovszky"), TERRANCE DURANT ("Durant"), JOSHUA SMITH ("Smith"), AND JASON HUNTER ("Hunter"), individually and on behalf of all others similarly situated, as class representatives, for claims against Defendant, ALL MY SONS MOVING & STORAGE OF CONNECTICUT, INC., allege as follows:

## NATURE OF THE ACTION

1. This is an action to recover "off-the-clock" unpaid wages and unpaid overtime compensation for Plaintiffs and their similarly situated non-exempt employees who worked for the Defendant moving furniture, driving moving vans and/or serving as crew leaders.

1

2. Plaintiffs bring this action to recover unpaid wages and unpaid overtime compensation for themselves and similarly situated employees as a collective action under the Fair Labor Standards Act, 29 U.S.C. §§ 201 et. seq. ("FLSA").

3. Plaintiffs bring this action to recover unpaid wages and unpaid overtime wages for themselves and similarly situated Connecticut employees as a Fed. R. Civ. P. 23 Class Action under the Connecticut Minimum Wage ("CMWA"), Conn. Gen. Stat. § 31-62-D2(a).

4. The Defendant's Operation Manager, Doug Faggiani, told employees after they were hired that "we are going to pay you like shit and we are going to treat you like shit."

5. Plaintiffs are non-exempt employees who were required to work "off-the-clock" and did not receive either compensation for "off-the-clock" work or proper overtime compensation for hours worked beyond 40 in a workweek.

6. Plaintiffs are entitled to recover (a) unpaid and incorrectly paid wages for hours worked in a workweek; (b) unpaid overtime hours worked in a workweek; (c) liquidated damages; (d) attorney's fees and costs pursuant to the FLSA and Connecticut law; and (e) further relief as this Court finds just and proper.

## JURISDICTION AND VENUE

7. This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 1337, diversity jurisdiction pursuant to 28 U.S.C. § 1332, and supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367.

8. In addition, the Court has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

9. The amount in controversy exceeds the sum of value of $2,000,000 exclusive of interest and cost.

10. The Plaintiffs each reside in Connecticut.

11. Upon information and belief, Defendant is subject to personal jurisdiction in Connecticut.

12. Venue is proper in the District of Connecticut pursuant to 28 U.S.C. § 1391 because the events giving rise to the claims occurred in this District.

## PARTIES

13. Plaintiff, Dwight Rich ("Rich") is a citizen of Connecticut and resides in Bridgeport, CT.

14. Plaintiff, Keith Matyasovsky ("Matyasovsky") is a citizen of Connecticut and resides in Stratford, CT.

15. Plaintiff, Terrance Durant ("Durant") is a citizen of Connecticut and resides in Bridgeport, CT.

16. Plaintiff, Joshua Smith ("Smith") is a citizen of Connecticut and resides in Bridgeport, CT.

17. Plaintiff, Jason Hunter ("Hunter") is a citizen of Connecticut and resides in Bridgeport, CT.

18. Defendant All My Sons Moving and Storage of Connecticut, Inc. ("All My Sons") is a Delaware corporation registered, existing and doing business in the State of Connecticut, maintaining its principal place of business in Connecticut at 480 Lordship Boulevard, Stratford, CT 06615.  All My Sons maintains its national headquarters at

2400 Old Mill Road, Carrollton, Texas 75007 and has around 60 offices scattered throughout the United States.

19. Upon information and belief, the amount of qualifying annual volume of business for Defendant All My Sons exceeds $500,000.00 and thus subjects the Defendant to the FLSA's coverage.

20. Upon information and belief, Defendant All My Sons has engaged in interstate commerce, which subjects the business to the FLSA's coverage.

21. All My Sons is an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

22. The Plaintiffs are each covered "employees" within the meaning of the FLSA and Conn. Gen. Stat. § 31-50 et. seq., §§ 31-58(f) and 31-71a(2).

23. At all relevant times, All My Sons controlled all terms and conditions of Plaintiffs' employment, including, but not limited to, their hours and rates of pay.

## STATEMENT OF THE FACTS

24. Plaintiff Rich started working for the Defendant as both a mover and a driver in or around 2013 through the present time.

25. Plaintiff Matyasovsky worked for the Defendant from November, 2013 through July 24, 2016.

26. Plaintiff Durant worked for the Defendant from March, 2013 through October, 2015.

27. Plaintiff Smith worked for the Defendant from 2013 through January, 2015.

28. Plaintiff Hunter worked for the Defendant from around October, 2013 through October 2015.

4

29. The Defendant has maintained practices which reduce the compensation of employees who work as movers, truck drivers and crew leaders. These practices include, but are not limited to, those set forth below.

30. The Defendant does not pay its employees for the majority of the time they spend traveling from Stratford in one of All My Sons' trucks to and from job sites. If, for example, the Defendant sends a crew to move a family from Manchester, CT to West Hartford, CT, the crew members would be required to arrive at its Stratford, CT facility at 8 A.M. Once they arrive, they would assemble a team to do the move, load the truck with any necessary packing materials, such as boxes or packing tape, and drive the truck 60 miles during the morning rush hour to Manchester, CT. The team would have to call in when they arrived at the location in Manchester, which would generally be at or around 9:45 A.M. The crew members would only be "on the clock" for the time period after they arrived at the job site location and, as a result, would not compensated for 1.75 hours they worked before arriving at the Manchester job site.

31. Loading a truck with furniture from a home in Manchester, CT, driving to West Hartford, CT and unloading the truck would generally take about 5 hours. The return trip from West Hartford, CT to the Defendant's Stratford, CT location would be about 55 miles and would take about 1 hour and 15 minutes.

32. When the employees returned to the Stratford location, Defendant's Operations Manager, Doug Faggiani ("Faggiani"), would tell the employees the number of hours he would pay them for travel. For the 2.5-3.0 hour round trip from Stratford to Manchester to West Hartford and back to Stratford, he would generally tell employees he would pay them for one hour.

33. At the end of the day after arriving back from a trip, employees would be required to "log out" on the computer. After logging out, employees would then be required to unload and clean the truck, conduct a post-trip inspection, go to the gas station to fill up the truck with gas and return the vehicle and park it at the Stratford location. The process generally took around one hour; employees were not compensated for that hour.

34. Under the aforesaid example of the trip from Stratford to Manchester to West Hartford and back to Stratford, the employees would have worked from 8 A.M. – 5 P.M., or 9 hours. However, they would have only been paid for 6 of those hours.

35. All My Sons has a policy that employees were not paid for any time moving an "empty" truck.

36. Faggiana sometimes told drivers that, on their way back to the Stratford facility, they would need to bring the truck to Transclean in Stratford and wash the truck. However, the employees were not paid for the time they spent washing the truck.

37. The Plaintiffs generally worked 6 days per week. Even after their hours were falsely reduced, their hours in an individual week still often exceeded 40 hours. However, the Plaintiffs were only paid "straight time" and were not paid a premium rate of 1.5 times their hourly rate for any hours over 40 per week, as required by the FLSA and Connecticut state law.

38. Employees who complained about the Defendant's unlawful compensation practices were often subjected to retaliation, which could include termination.

39. Faggiani routinely told employees when they were hired, "We are going to pay you like shit and we are going to treat you like shit." If employees complained about

the pay practices, they would be reminded of that promise.  Faggiani would usually add statements such as "this is my company," "I run it," and "I'm the boss, if you don't like it, you can leave."

## **COLLECTIVE ACTION ALLEGATIONS**

40. Plaintiffs bring the First Cause of Action, an FLSA claim, on behalf of themselves and all similarly situated persons who worked as movers, truck drivers and/or crew leaders, who elect to opt-in to this action (the "FLSA Collective").

41. Defendant is liable under the FLSA for, *inter alia,* failing to properly compensate Plaintiffs and other similarly situated movers, truck drivers and crew leaders.

42. Consistent with the Defendant's policy or procedure, Plaintiffs had the members of the FLSA Collective Action were not paid any compensation for those hours which they were required to work "off-the-clock."

43. Consistent with Defendant's policy and pattern or practice, Plaintiffs and the members of the FLSA Collective were not paid premium overtime compensation when they worked beyond 40 hours in a workweek.

44. All of the work that Plaintiffs and the members of the FLSA Collective have performed has been assigned by Defendant, and/or Defendant has been aware of all of the work that Plaintiffs and the FLSA Collective have performed.

45. As part of its regular business practice, Defendant has intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiffs and the members of FLSA Collective.  This policy and pattern or practice includes, but is not limited to:

(a) willfully failing to pay its employees, including Plaintiffs and the members of the FLSA Collective, premium overtime wages for hours that they worked in excess of 40 hours per workweek;

(b) willfully failing to pay Plaintiffs and the members of the FLSA Collective any compensation for the hours employees were required to work "off the clock;"

(c) willfully failing to record all of the time that its employees, including Plaintiffs and the members of the FLSA Collective, have worked for the benefit of Defendant.

46. Defendant is aware or should have been aware that federal law required them to pay Plaintiffs and the members of the FLSA Collective for hours worked "off the clock" and overtime premiums for hours worked in excess of 40 per workweek.

47. Plaintiffs and the members of the FLSA Collective perform or performed the same primary duties.

48. Defendant's unlawful conduct has been widespread, repeated, and consistent.

49. On information and belief, there are over 100 similarly situated current and former movers, truck drivers and crew leaders who have been underpaid in violation of the FLSA who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.

50. This notice should be sent to the FLSA Collective pursuant to 29 U.S.C. § 216(b).

51. Those similarly situated employees are known to Defendant, are readily identifiable, and can be located through Defendant's records.

## CONNECTICUT CLASS ACTION ALLEGATIONS

52. The Plaintiffs bring the Second Cause of Action, the CMWA claim, under Rule 23 of the Federal Rules of Civil Procedure, on behalf of himself and a class of persons consisting of:

> All persons who work or have worked as a mover or truck driver at any All My Sons in Connecticut between July 28, 2014, and the date of final judgment in this matter (the "CT Rule 23 Class").

53. Excluded from the CT Rule 23 Class are Defendant, Defendant's legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendant; the Judge(s) to whom this case is assigned and any member of the Judge(s)' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the CT Rule 23 Class.

54. The members of the CT Rule 23 Class are so numerous that joinder of all members is impracticable.

55. Upon information and belief, the size of the CT Rule 23 Class is at least 100 individuals. Although the precise number of such employees is unknown, the facts on which the calculation of that number depends are presently within the sole control of Defendant.

56. Defendant has acted or has refused to act on grounds generally applicable to the CT Rule 23 Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the CT Rule 23 Class as a whole.

57. Common questions of law and fact exist as to the CT Rule 23 Class that predominate over any questions only affecting them individually and include, but are not limited to, the following:

    (a)    whether Defendant violated the CMWA;

    (b)    whether Defendant forced employees who work "off the clock" without compensation;

    (c)    whether Defendant failed to compensate employees for working "off the clock;"

    (d)    whether Defendant failed to compensate Plaintiffs and the CT Rule 23 Class for hours worked in excess of 40 hours per workweek;

    (e)    whether Defendant failed to keep true and accurate time and pay records for all hours worked by Plaintiffs and the CT Rule 23 Class, and other records required by the CMWA;

    (f)    whether Defendant failed to furnish Plaintiffs and the CT Rule 23 Class with an accurate statement of wages, hours worked, rates paid, and the gross wages as required by the CMWA;

    (g)    whether Defendant's policy of failing to pay workers was instituted willfully or with reckless disregard of the law; and

    (h)    the nature and extent of class-wide injury and the measure of damages for those injuries.

58.     The claims of the Plaintiffs are typical of the claims of the CT Rule 23 Class he seeks to represent.

59.     The Plaintiffs and the CT Rule 23 Class members work, or have worked, for Defendant as movers, truck drivers and crew leaders.

60.     The Plaintiffs and the CT Rule 23 Class members enjoy the same statutory rights under the CMWA, including the right to be paid overtime wages for all overtime hours worked.  The Plaintiffs and the CT Rule 23 Class members have all sustained similar types of damages as a result of Defendant's failure to comply with the CMWA.  The Plaintiffs and the CT Rule 23 Class members have all been injured in that they have been under-compensated due to Defendant's common policies, practices, and patterns of conduct.

61.     The Plaintiffs will fairly and adequately represent and protect the interests of the members of the CT Rule 23 Class.  The Plaintiffs understand that, as class representatives, they assume a fiduciary responsibility to the class to represent its interests fairly and adequately.  The Plaintiffs recognize that, as class representatives, they must represent and consider the interests of the class just as they would represent and consider their own interests.  The Plaintiffs understand that, in decisions regarding the conduct of the litigation and its possible settlement, they must not favor their own interests over the class.  The Plaintiffs recognize that any resolution of a class action must be in the best interest of the class.  The Plaintiffs understand that, in order to provide adequate representation, they must be informed of developments in litigation, cooperate with class counsel, and testify at deposition and/or trial.  The Plaintiffs have retained counsel competent and experienced in class

actions and employment litigation.  There is no conflict between any of the Plaintiffs and the CT Rule 23 members.

62. A class action is superior to other available methods for the fair and efficient adjudication of this litigation.  The members of the CT Rule 23 Class have been damaged and are entitled to recovery as a result of Defendant's violations of the CMWA.  Although the relative damages suffered by individual CT Rule 23 Class members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation.  The individual plaintiff lacks the financial resources to conduct a thorough examination of Defendant's timekeeping and compensation practices and to prosecute vigorously a lawsuit against Defendant to recover such damages.  In addition, class litigation is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices.

63. This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### For Violation of the Fair Labor Standards Act, 29 U.S.C. §§ 206
### ("Off the Clock" Claim)

64. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

65. Defendant willfully failed to pay Plaintiffs for all hours worked "off the clock" in violation of the FLSA.

66. Defendant have engaged in a widespread pattern and practice of violating the FLSA, as detailed in the Complaint.

67. Plaintiffs consent in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b).

68. Because Defendant's violations of the FLSA lacked good faith, a three-year statute of limitations applies pursuant to 29 U.S.C. §255.

69. As a result of Defendant's FLSA violations, FLSA Plaintiffs are entitled to recover from Defendant: (a) their hourly compensation for all "off-the-clock" hours worked; (b) an additional, equal amount as liquidated damages for Defendant's willful violations of the FLSA; and, (c) reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION
### For Violation of the Fair Labor Standards Act, 29 U.S.C. §§ 207
### (Overtime Claim)

70. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

71. As a result of Defendant's willful failure to compensate Plaintiffs at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours in a workweek, Defendant has violated, and continues to violate, the FLSA.

72. Because Defendant's violations of the FLSA lacked good faith, a three-year statute of limitations applies pursuant to 29 U.S.C. §255.

73. As a result of Defendant's FLSA violations, FLSA Plaintiffs are entitled to recover from Defendant: (a) overtime compensation; (b) an additional, equal amount as

liquidated damages for Defendant's willful violations of the FLSA; and, (c) reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. §216(b).

### THIRD CAUSE OF ACTION
### (Connecticut State Wage Claim)

74. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

75. Defendant failed to pay Plaintiffs their hourly rate for all hours worked "off-the-clock" in a workweek in violation of Conn. Gen. Stat, § 31-71(b).

76. Defendant required Plaintiffs to perform uncompensated work in violation of Conn. Gen. Stat, § 31-72.

77. Accordingly, Plaintiffs are entitled to relief pursuant to Conn. Gen. Stat, § 31-72.

### FOURTH CAUSE OF ACTION
### (Connecticut State Overtime Claim)

78. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

79. Defendant failed to pay Plaintiffs at least one and on half times their regular rate for hours worked over forty per workweek, in violation of Conn. Gen. Stat, § 31-71(b).

80. Accordingly, Plaintiffs are entitled to relief pursuant to Conn. Gen. Stat, § 31-72.

### FIFTH CAUSE OF ACTION
### (Connecticut State - Law Unjust Enrichment)

81. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

82. Defendant failed to pay monies owed to Plaintiffs for wages.

83. Defendant has been unjustly enriched by this failure and justice requires that Defendant pay Plaintiffs for such monies owed.

84. Accordingly, Plaintiffs are entitled to relief under the common law of the State of Connecticut.

### **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs demand judgment against Defendant as follows:

A. Equitable tolling of the FLSA statute of limitations as a result of the Defendant's failure to post requisite notices under the FLSA;

B. Demand a jury trial on these issues to determine liability and damages;

C. Preliminary and permanent injunctions against Defendant and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

D. A judgment declaring that the practices complained of herein are unlawful and in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219, 42 U.S.C. § 1981 and Connecticut General Law (overtime and minimum unpaid wage and overtime wage);

E. All damages which Plaintiffs have sustained as a result of Defendant's conduct, including back pay, overtime pay and liquidated damages.

  F. An award to the Plaintiffs of pre-judgment interest at the highest applicable rate, from and after the date of service of the initial complaint in this action, on all unpaid wages from the date such wages were earned and due;

  G. An award to the Plaintiffs representing Defendant's share of FICA, FUTA, state unemployment insurance and any other required employment taxes;

  H. Awarding Plaintiffs their costs and disbursements incurred in connection with this action, including reasonable attorneys' fees, expert witness fees, and other costs;

  I. Pre-judgment and post-judgment interest, as provided by law; and

  J. Granting Plaintiffs other and further relief as this Court finds necessary and proper.

  Done at Stratford, Connecticut this 28th day of July, 2016.

  RESPECTFULLY SUBMITTED,

  THE PLAINTIFFS,
  DWIGHT RICH,
  KEITH MATYASOVSZKY,
  TERRANCE DURANT,
  JOSHUA SMITH, and
  JASON HUNTER, Individually and
  On Behalf of All Others Similarly
  Situated

  By: /s/ Gary Phelan _____
  Gary Phelan (ct03670)
  Mitchell & Sheahan, P.C.
  80 Ferry Blvd., Suite 216
  Stratford, Connecticut 06615
  Tel.: (203) 873-0240
  gphelan@mitchellandsheahan.com

  Their Attorney